**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00911-REB

TRUSTEES OF THE PIPE INDUSTRY HEALTH AND WELFARE FUND OF COLORADO, an express trust,
TRUSTEES OF THE COLORADO PIPE INDUSTRY ANNUITY AND SALARY DEFERRAL TRUST FUND, an express trust,
TRUSTEES OF THE DENVER PLUMBERS JOINT APPRENTICESHIP AND TRAINING FUND, an express trust,
TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, an express trust,
JOURNEYMEN PLUMBERS AND GAS FITTERS LOCAL UNION NO. 3, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING & PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, an unincorporated association, and
MECHANICAL CONTRACTORS ASSOCIATION OF NORTHERN COLORADO, THE, a Colorado corporation

      Plaintiffs,

v.

EXPERT MECHANICAL SERVICES, INC., a Colorado corporation, and
EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation

      Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT EXPERT MECHANICAL SERVICES, INC**.

---

**Blackburn, J**.

The matter before me is plaintiffs' **Motion for Default Judgment Against Defendant Expert Mechanical Services, Inc.** [#22],[1] filed December 20, 2013. I deny the motion without prejudice.

Defendant Expert Mechanical Services, Inc., was served a copy of the summons and

---

[1] "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

complaint on April 15, 2013.  Defendant failed to answer or otherwise respond to the complaint within the time permitted by law, and thus has admitted the factual allegations of the complaint other than those relating to damages.  *See* **FED. R. CIV. P**. 8(d); *see also* ***Burlington Northern Railroad Co. v. Huddleston***, 94 F.3d 1413, 1415 (10th Cir. 1996).  Entry of default pursuant to Fed. R. Civ. P. 55(a) was made by the clerk of the court on May 9, 2014 [#11].

Plaintiffs now seek a default judgment against defendant pursuant to Fed. R. Civ. P. 55(b)(2).  However, their motion fails to apprise the court as to how they believe the facts set forth in the complaint – and now admitted by defendant's failure to answer or otherwise appear in this action – prove up either of the claims for relief pleaded.  I decline plaintiffs' implicit invitation to divine the legal basis for a judgment in their favor from the bare fact of defendant's failure to timely answer.  The motion therefore must be denied without prejudice.[2]  If the motion is refiled, nothing more is required than a recitation of the essential elements of the claim under consideration and the averments from the complaint that prove up those elements.

**THEREFORE, IT IS ORDERED** that  plaintiffs' **Motion for Default Judgment Against Defendant Expert Mechanical Services, Inc.** [#22], filed December 20, 2013, is **DENIED WITHOUT PREJUDICE**.

Dated June 20, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[2] Plaintiffs are further advised that any request for attorney fees and costs must likewise be proved up.

2