**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 13-cv-00911-REB-KLM

TRUSTEES OF THE PIPE INDUSTRY HEALTH AND WELFARE FUND OF COLORADO, an express trust, et al.,

   Plaintiffs,

v.

EXPERT MECHANICAL SERVICES, INC., a Colorado corporation, and EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation,

   Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AGAINST EXPERT MECHANICAL SERVICES, INC.**

**Blackburn, J.**

The matter before me is plaintiffs' **Revised Motion for Default Judgment Against Expert Mechanical Services, Inc.** [#26],[1] filed July 1, 2014.  Having been advised of the premises and having considered the arguments advanced, authorities cited, and evidence submitted with the revised motion, I find and conclude that the motion should be granted, and enter the following findings of fact, conclusions of law, and orders.

**I. FINDINGS OF FACT**

1.  Plaintiffs are the Trustees of the Pipe Industry Health and Welfare Fund of Colorado; Trustees of the Colorado Pipe Industry Annuity and Salary Deferral Trust

---

[1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

Fund; Trustees of the Denver Plumbers Joint Apprenticeship and Training Fund; Trustees of the Plumbers and Pipefitters National Pension Fund, Journeymen Plumbers and Gas Fitters Local Union No. 3 ("Plumbers Local 3"); and the Mechanical Contractors Association of Northern Colorado ("MCA").  The first four listed plaintiffs are employee benefit trust funds governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* (collectively called the "Benefit Funds"). (Complaint ¶ 5.)

  2. Plumbers Local 3 is a labor organization as defined in the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 142(3).  (Complaint ¶ 8.)   MCA, a Colorado corporation, is an association of mechanical contractors that acts as a collective bargaining representative for contractors who have assigned their collective bargaining rights to MCA.  (Complaint ¶ 8.)

  3. At all times material herein, defendant, Expert Mechanical Services, Inc. ("Expert"), a Colorado corporation, was a mechanical contractor engaged in commerce, which employed workers covered by the collective bargaining agreement ("CBA") negotiated by the MCA, as Expert's designated collective bargaining representative, and Plumbers Local 3.  (Complaint ¶¶ 9, 11, 14.)

  4. On April 9, 2013, plaintiffs filed the Complaint, alleging claims under ERISA, specifically 29 U.S.C. § 1145, against Expert because of its failure to pay employee benefit contributions required by the CBA between Plumbers Local 3 and the MCA, to which Expert agreed to be bound.

5. Expert was served with the Summons and Complaint on April 15, 2013 (*see* [#8], filed April 18, 2013), but has not answered or otherwise responded to the Complaint.  On plaintiffs' motion, the clerk entered default pursuant to Fed. R. Civ. P. 55(a) against Expert on May 9, 2013.  (*See* **Clerk's Entry of Default**  [#11], filed May 9, 2013.)

6. The CBA, along with applicable trust agreements incorporated therein by reference, required Expert to submit monthly reports or "remittance forms" with contributions for employee health, pension, and other benefits for each hour worked by Expert's employees covered by the CBA.  The CBA also required Expert to deduct union dues from employees' paychecks and submit the dues monthly to Plumbers Local 3.  (Complaint ¶¶ 14, 15.)

7. If a signatory contractor such as Expert fails to make the monthly contributions for employee benefits, the CBA and trust agreements provide that the signatory contractor is liable for interest at the rate of 1.5 percent (1.5%) per month on the unpaid contributions, in addition to costs of collection, including attorney fees.  The rate for delinquent contributions to the National Pension Fund is 12 percent (12%) per annum.  In addition, the CBA and trust agreements – in accordance with ERISA, 29 U.S.C. § 1132(g)(2) – provide for liquidated damages at specified rates.  (Complaint ¶¶ 16, 18, 19.)

8. Expert filed monthly remittance forms for October, November, and December, 2012, without accompanying contributions.  According to the remittance forms, which are subject to verification by audit, Expert owed $3,406.60 for that period.  (Complaint ¶

21.)

9. The Trustees of the Benefit Funds authorized the Funds' auditor to conduct a payroll audit of Expert for the period June, 2009, through December, 2012. Initially, Expert produced only partial records, which were not sufficient to do a thorough audit. Nevertheless, the auditor determined preliminarily that Expert owed $11,296.67 for under-reported hours and contributions. (Complaint ¶¶ 22-24.)

10. In November, 2013, the auditor for the Benefit Funds did a complete audit of Expert's payroll records, which Expert provided as part of the discovery in this action. The auditor determined that Expert owes contributions of $277,401.73, interest of $128,406.57, and liquidated damages of $46,532.11, for a total of $452,340.41 owed to the Benefit Funds for the period from June 2009 through January 2013, including union dues owed to Plumbers Local 3 and a related local. (*See* **Motion App.**, Exh. 1 ¶ 6 & Exh. 2.)

11. Expert has not paid any of the contributions or interest owed. Employers Mutual Casualty Company, the surety on a payment bond obtained by Expert, paid the $40,000 face value of the bond to the Benefit Funds. As a result, Expert owes a net of $412,340.41 to the Benefit Funds, including union dues owed to Plumbers Local 3 and the related local union. (**Motion App.**, Exh. 1 ¶ 7.)

## II. CONCLUSIONS OF LAW

12. The court has jurisdiction over this action under ERISA, 29 U.S.C. §§ 1132(e)(1) and (f), and the LMRA, 29 U.S.C. § 185(a). The Trustees are fiduciaries of the Benefit Funds, who seek to enforce the provisions of the CBA and applicable trust

agreements under 29 U.S.C. § 1132(a)(3)(B) and, specifically, an employer's duty to make contractually required contributions to the Benefit Funds under 29 U.S.C. § 1145, ERISA § 515.

13. ERISA section 515 is intended to simplify the collection of delinquent contributions from employers, in part by limiting the available defenses:

> Congress added § 515 to ERISA in 1980 to "simplify actions to collect delinquent contributions, avoid costly litigation, and enhance the actuarial planning necessary to the administration of multiemployer pension plans." Though this circuit has not yet had cause to interpret and apply § 515, we agree with all of the circuits who have, that it makes it easier for multiemployer plans to collect delinquent contributions and limits the defenses available to employers.
>
> . . . .
>
> The circuits generally recognize only two defenses to a collection action: the pension contributions themselves are illegal or the collective bargaining agreement is void and not merely voidable.

***Trustees of Colorado Tile, Marble & Terrazo Workers Pension Fund v. Wilkinson & Co.***, 1998 WL 43172 at *5 (10th Cir. Feb. 3 1998) (citations omitted).

14. The CBA required Expert to make contributions for employee benefits based on the number of hours worked by employees who did covered work, *i.e.*, plumbing and pipefitting work. (Complaint ¶ 14.) The terms of the CBA required Expert to make such contributions, thus in turn establishing Expert's obligation under ERISA section 515 to make the contributions to the Benefit Funds. ***Trustees of Colorado Tile, Marble & Terrazo Workers Pension Fund***, 1998 WL 43172 at *5

15. The CBA authorizes the Benefit Funds to conduct an audit of an employer to

5

determine accurately whether an employer has complied with the fringe benefit reporting requirements of the CBA. (Complaint ¶ 20.) Federal courts have recognized the right of ERISA employee benefit plans to compel such audits. **McDonald v. Beko Associates, Inc.**, 2009 WL 1456754 at *4 (D. Utah May 21, 2009).

16. Pursuant to an audit conducted in November, 2013, after the filing of this suit, the auditor determined that Expert under-reported hours and failed to make contractually required contributions of $277,401.73 during the period from June, 2009, to January, 2013. He determined that with interest and liquidated damages, Expert owes $452,340.41 in total. Subtracting the $40,000 paid by the surety on the payment bond, the net amount owed by Expert is $412,340.41.

17. Expert has failed to answer or otherwise respond to the complaint, and thus has admitted the factual allegations of the complaint other than those relating to damages. Fed. R. Civ. P. 8(d); *see also* **Burlington Northern Railroad Co. v. Huddleston**, 94 F.3d 1413, 1415 (10th Cir. 1996).

18. Through the allegations of the complaint, along with the affidavit submitted in support of the revised motion for default judgment, plaintiffs have established that Expert is obligated under ERISA section 515 to pay the delinquent contributions determined by the auditor, along with interest and liquidated damages. Plaintiffs have established that the amount of damages is $277,401.73 in employee benefit contributions owed for the period from June, 2009, to January, 2013, along with interest of $128,406.57, and liquidated damages of $46,532.11, for an initial total of $452,340.41. Subtracting the amount of $40,000 paid by the surety results in net

damages of $412,340.41.

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiffs' **Revised Motion for Default Judgment Against Expert Mechanical Services, Inc.** [#26], filed July 1, 2014, is **GRANTED**;

2. That default judgment **SHALL ENTER** on behalf plaintiffs, the Trustees of the Pipe Industry Health and Welfare Fund of Colorado; Trustees of the Colorado Pipe Industry Annuity and Salary Deferral Trust Fund; Trustees of the Denver Plumbers Joint Apprenticeship and Training Fund; Trustees of the Plumbers and Pipefitters National Pension Fund. Journeymen Plumbers and Gas Fitters Local Union No. 3; and the Mechanical Contractors Association of Northern Colorado, against defendant, Expert Mechanical Services, Inc., on plaintiffs' claim for relief against Expert under ERISA section 515;

3. That plaintiffs are **AWARDED** damages in the principal amount of $412,340.41 as against Expert;

4. That post-judgment interest **SHALL ACCRUE** from the date of entry of judgment at the rate permitted by law under 28 U.S.C. § 1961;

5. That plaintiffs are **AWARDED** their costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

6. That pursuant to 29 U.S.C. § 1132(g)(2)(D), plaintiffs are **ENTITLED TO RECOVER** from Expert their reasonable attorney fees incurred in this action; provided that plaintiffs **SHALL SUBMIT** a motion proving up their reasonable attorney fees within

**fourteen (14) days** of the date of this Order; and

      7.  That defendant, Expert Mechanical Services, Inc., is **DROPPED** as a named party to this action, and the case caption **AMENDED** accordingly.

      Dated July 9, 2014, at Denver, Colorado.

                                **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge